■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BONK, Appellant. — Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered September 5, 1980, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the fifth degree. The defendant raises on this appeal the issue of the deprivation of his constitutional right to effective assistance of counsel. The record discloses that defendant had been originally indicted on three counts of criminal sale of a controlled substance, each of which was a class D felony punishable by an indeterminate term of seven years. His defense counsel was able, through plea negotiations, to substantially limit defendant's exposure to imprisonment by a negotiated plea to a lesser crime in full satisfaction of all counts. The mere fact that counsel did not engage in some pretrial procedures available to defendant, in itself, does not indicate ineffective assistance of counsel. The strength of the People's case may very well have made such efforts futile. The defendant has not successfully demonstrated inadequacy of his counsel or that counsel's handling of the case was detrimental to defendant. The unsupported conclusory assertions of defendant to the contrary are ineffective to support his contention. The record on the other hand, indicates that defense counsel's handling of the predicate felony hearing was that of a knowledgeable and capable advocate. Accordingly, we find no merit to defendant's contention. Defendant next contends that his prior felony conviction was obtained in violation of his constitutional rights and, therefore, should not have been the predicate for his sentence as a second felony offender. The burden of proving this contention reposes on defendant. The record is woefully devoid of credible evidence to establish the contention raised. Finally, defendant raises the question of the appropriateness of the sentence as a second felony offender. The court was required by law to impose a minimum sentence. The maximum imposed was lenient in view of the transgression. We find nothing in the sentence as would indicate that it is harsh or invalid. Judgment affirmed. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.