## (October 21, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v FREDERICK E. PETERS, Appellant. — Appeals (1) from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 13, 1981, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree, and

(2) by permission, from an order of said court (Smyk, J.), entered October 23, 1981, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. On October 3, 1980, defendant, a 17 year old with an extensive criminal record in this State and the Commonwealth of Pennsylvania, was indicted on one count of grand larceny in the second degree and four counts of grand larceny in the third degree. On December 5, 1980, apparently after a telephone conversation with an Assistant District Attorney, defendant agreed to voluntarily surrender himself at the Elmira police headquarters in consideration of the assistant's assurance that he would be released on his own recognizance following his arraignment on the indictment. Defendant surrendered, as agreed, and at headquarters was questioned and ultimately signed an inculpatory statement. Later that day he was arraigned and released on his own recognizance. On December 8, 1980, counsel was assigned and the matter adjourned until January 16, 1981. On that date, counsel indicated that defendant wished to change his plea to one of guilty to the grand larceny, second degree, count in full satisfaction of the five-count indictment. After entry of the plea, sentencing was set for March 13, 1981 upon which date defendant was sentenced to a term of not less than one year nor more than three years in strict conformity with the terms of the bargained-for plea. On September 8, 1981, defendant's new attorney's motion to vacate the judgment of conviction was denied. Thereafter, defendant's application for permission to appeal pursuant to CPL 460.15 was granted by a Justice of this court. Defendant now contends that his original attorney afforded ineffective assistance and in so doing deprived him of his State and Federal constitutionally guaranteed right to counsel. He also asserts that the sentence imposed was unduly harsh and excessive. We disagree. We note first that in the colloquy between the court and defendant when he entered his plea defendant was fully advised of his rights and the consequences of his plea and defendant, no stranger to the criminal justice system, by his responses manifested complete comprehension of all phases of the proceedings. Additionally, defendant's first contention is bottomed on the failure of his then counsel to seek suppression of the inculpatory postindictment statement. There can be but little doubt in the facts presented that the statement was subject to suppression (see *People v Settles,* 46 NY2d 154). However, the mere fact that counsel did not engage in some pretrial procedures available to defendant, in itself, does not indicate ineffective assistance of counsel (*People v Bonk,* 83 AD2d 695). Moreover, the record demonstrates that the People were prepared to present a strong case against defendant on these several counts and this, together with defendant's deplorable record, may have rendered pretrial efforts both futile and unwise (cf. *People v Bonk, supra*). Defendant's recently pronounced profession of innocence and his other naked assertions are without support in the record and belied by defendant's own responses to the court at the time of his plea. We, likewise, find no merit to the second argument. Considering defendant's criminal record, his admission of guilt upon pleading and the seriousness of the crimes involved, there is no demonstration of any abuse of the court's discretion or of extraordinary circumstances which would warrant disturbing the sentence (*People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment and order affirmed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.