■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BRAMBLE, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant contends that there was insufficient proof of physical injury to sustain his conviction of burglary in the first degree (Penal Law, § 140.30, subd 2). We find that there is adequate proof to sustain that charge. A photograph of the elderly victim taken immediately after the incident indicates that she sustained severe bruises around her nose and eyes as a result of being struck by defendant during a burglary in her apartment. She testified that she suffered pain and recurring nosebleeds for over one week. That was a sufficient showing of physical injury to send the charge of burglary in the first degree to the jury (see *Matter of Philip A.,* 49 NY2d 198; *People v Chesebro,* 94 AD2d 897). ¶ Defendant also claims that he was denied the effective assistance of counsel. The record reveals that defense counsel adequately presented defendant's theory of misidentification to the jury. In view of the fact that he was present at the suppression hearing of defendant's accomplice, he apparently concluded that pretrial procedures on behalf of defendant would be unavailing (see *People v Peters,* 90 AD2d 618; *People v Bonk,* 83 AD2d 695). While it is true that defense counsel did not object to a number of improper remarks by the prosecutor, the prosecutor's conduct did not rise to the level of reversible error (cf. *People v Mott,* 94 AD2d 415). ¶ We have examined the other alleged errors and find them to be lacking in merit. (Appeal from judgment of Onondaga County Court, Cunningham, J. — burglary, first degree.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.