■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO SCHELLING, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered July 6, 1983, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.

Defendant's conviction stems from the following incident. In the early morning hours of November 30, 1980, defendant and two companions made off with a dead deer belonging to another. While the deer's owner was engaged in chasing the vehicle in which defendant was a passenger, defendant's companion, a 14-year-old boy, fired three shotgun blasts, striking the pursuing vehicle.

A jury convicted defendant of reckless endangerment in the first degree, but that conviction was reversed because of ineffective assistance of counsel and the matter was remitted for a new trial (*People v Schelling,* 92 AD2d 694). A second trial was not had, however, for this time defendant elected to plead guilty to the very same charge. The quite favorable sentence imposed consisted of time served and a three-year conditional discharge, the sole condition of which was that he not violate any local, State or Federal law. Defendant maintains that the trial court's allocution was deficient and that the sentence was harsh and excessive. Neither claim has merit.

At the plea proceedings, defendant, who significantly is no stranger to the criminal justice system (see *People v Brush,* 99 AD2d 564), admitted he was guilty of the charge contained in this single-count indictment which had been read to him by the court immediately before the guilty plea was taken. He now claims it was error not to have elicited from him his version of the incident and that had the court done so, one of the requisite elements of the crime of reckless endangerment in the first degree may have been lacking. Defendant's contention must be rejected for it is incompatible with the established principle that: "a plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if '[t]here is no suggestion in the record or dehors the record that the guilty plea was improvident or baseless' (*People v Fooks,* 21 NY2d 338, 350, cert den *sub nom. Robinson v New York,* 393 US 1067), particularly where, as here, defendant was actively represented by counsel and made no effort to withdraw the plea [citations omitted]" (*People v Perkins,* 89 AD2d 956).

Furthermore, we note that the same Judge who took defendant's plea also presided at the earlier trial, at which time *defendant's involvement in the crime was fully developed.* Not only is it obvious that the court had considerable knowledge about the incident and defendant's participation therein, but it also had before it statements made by defendant's companions at the time of the occurrence which implicated him in the crime. The record also discloses that defendant displayed no unwillingness or hesitancy in pleading to the charge, or any lack of

understanding of the procedure or the terms of the plea. Considering the seriousness of the crime and defendant's criminal background, the sentence imposed was far from harsh and excessive.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.