■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DE SANTO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 14, 1983, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was arrested on the basis of two incidents which took place in August of 1983, when he was alleged to have sold a quantity of heroin to a police informant. He was initially arraigned on the basis of two felony complaints. At that time, defendant was not represented by counsel.

On September 30, 1983, defendant was indicted by the Grand Jury on two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Shortly thereafter, defendant pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree. County Court imposed an indeterminate prison sentence of 5 to 15 years, and this appeal ensued.

Defendant's primary contentions on this appeal are that he was denied effective assistance of counsel and that his sentence was unduly harsh and excessive. We reject both of those contentions.

Following his indictment on the charges, defendant was represented by counsel from arraignment through sentencing. While defendant urges ineffectiveness on the part of his assigned counsel in not pursuing a defense theory of entrapment, there is no reason to conclude that such a tactic would have been successful. Where defense counsel reasonably can conclude that a pretrial procedure or defense tactic would be unavailing, counsel is not obliged to pursue it further (*People v Peters,* 90 AD2d 618, 619; *see, People v Bramble,* 103 AD2d 1019). The record of the colloquy between the court and defendant at the time defendant pleaded guilty establishes that he was fully advised of his rights and the consequences of his plea, and manifested his understanding of the nature and consequences of that act (*People v Peters, supra,* p 619). From the record before us, we are unable to find that defendant was denied effective assistance of counsel at any stage of the proceeding.

On the basis of defendant's prior criminal record and the plea bargain arrangement he agreed to, we find no abuse of discretion in the imposition of sentence by County Court, which was in compliance with the provisions of Penal Law § 70.00 (2) (c) and (3) (b).

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.