■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANNE M. KNAPP, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), entered January 14, 1985, convicting defendant upon her plea of guilty of the crime of criminal possession of marihuana in the third degree.

On May 21, 1984, members of the State Police and Village of Sidney Police Department executed a search warrant for the residence of Floyd Ernest Ingram located at 220 Johnson Circle in the Village of Sidney, Delaware County. The searchers obtained eight bags of marihuana weighing approximately 10 ounces. Both Ingram and defendant, Ingram's live-in companion, were arrested and charged with criminal possession of marihuana in the third degree.

When it was determined after a preliminary hearing that there was sufficient evidence to submit the possession charge to the Grand Jury, defendant requested an opportunity to appear before that body. The District Attorney informed defendant that she would have to execute a waiver of her immunity and that anything she said could be used against her in a court of law. Defendant's first court-appointed attorney, at the request of the District Attorney, stated on the record that defendant was testifying over his objection and that he would therefore seek to withdraw as her counsel. Defendant then signed the waiver and testified without the assistance of counsel. The Grand Jury handed down two indictments charging defendant with criminal possession of marihuana in the third degree and criminal sale of marihuana in the third degree.

After a new attorney was appointed to represent defendant, she entered a plea of not guilty to both charges. Defendant subsequently moved for an order dismissing the indictments. County Court denied the motion, but ruled that the statements made to the Grand Jury were obtained in violation of

her right to counsel and had to be suppressed. Ultimately, defendant entered a plea of guilty to the possession charge in satisfaction of both indictments based on a guarantee that her punishment would be limited to a term of probation and that a plea bargain agreement between the People and Ingram would be honored. On this appeal, defendant contends that the court erred when it accepted her guilty plea. We disagree.

A defendant who pleads guilty waives certain rights and forfeits "the right to renew many arguments made before the plea" *(People v Taylor,* 65 NY2d 1, 5). Generally, all nonjurisdictional defects in any stage of the criminal proceedings before the guilty plea was offered are waived *(see, People v Manzo,* 99 AD2d 817, 818; *People v Corti,* 88 AD2d 345, 348). Here, one of the grounds upon which defendant seeks review is that she was ineffectively represented by counsel when she signed the waiver and not afforded counsel when she testified before the Grand Jury. However, her second attorney was fully aware of the events surrounding her Grand Jury testimony, and he indorsed her decision to plead guilty. Accordingly, defendant may not now complain about the representation given to her by her first lawyer *(see, People v Petgen,* 55 NY2d 529, 532, 534-535).

Next, while the comments of defendant's first attorney to the Grand Jury were improper, they did not impair the integrity of that body. Hence, defendant waived appellate review of that issue *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 210.20, pp 48-49).

Finally, we reject defendant's contention that County Court erred when it accepted her guilty plea. While a court must reject a guilty plea when the defendant's allocution "cast[s] doubt upon his guilt" *(People v Nixon,* 21 NY2d 338, 344), the plea may be accepted where, as here, the court is satisfied that the defendant knows what he or she is doing *(see, People v Serrano,* 15 NY2d 304, 310; *People v Schelling,* 107 AD2d 847, 848). Here, defendant and Ingram both benefited from her plea. She was also represented by counsel. We, therefore, conclude that her guilty plea was knowingly and intelligently made.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.