◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER MILES, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of first degree burglary, second degree robbery (three counts), and possession of burglar's tools, defendant raises several contentions, none of which requires reversal. Defendant was not deprived of a fair trial by prosecutorial misconduct. Defendant failed to object to most of the comments and questions of which he now complains, and thus has failed to preserve his contentions for our review (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). Those questions to which defendant objected were proper, for the most part, and if improper, not unduly prejudicial *(People v Tardbania,* 130 AD2d 954, 955).

The court did not err in refusing to admit the conditional testimony *(see,* CPL art 660) of the complaining witness, since

such testimony would have been admissible only if the witness were unavailable to testify at trial (CPL 670.10).

There has been no showing that the People failed to turn over *Brady (see, Brady v Maryland,* 373 US 83) or *Rosario (see, People v Rosario,* 9 NY2d 286) material consisting of an audio tape and report of a 911 call. Although defendant's attorney apparently had not heard the tape before it was played in court, counsel for the codefendant knew of its contents and made use of it in cross-examination of the complaining witness. It thus appears that the tape and report were made available to the defense before trial.

Defendant was not denied the effective assistance of counsel. Trial counsel succeeded in raising serious factual discrepancies in the proof, made appropriate motions, and requested favorable jury instructions. Viewing the representation as a whole, it was "meaningful" *(People v Baldi,* 54 NY2d 137, 147).

There was sufficient proof of "physical injury" (Penal Law § 10.00 [9]) to support the burglary and robbery convictions (Penal Law § 140.30 [2]; § 160.10 [2] [a]). One victim testified that his arm was cut during the robbery and that he still experiences intermittent pain and limitation in the arm. In addition, it was established that the other victim had cuts, bruises and swelling around her eyes and had trouble walking as a result of the attack *(cf., People v Goico,* 122 AD2d 576, *lv denied* 68 NY2d 812; *People v Ruttenbur,* 112 AD2d 13; *People v Bramble,* 103 AD2d 1019).

The court properly denied defendant's posttrial motion without a hearing (CPL 440.30 [4] [a]). The evidence concerning Evans' incarceration and her alleged receipt of favorable treatment in return for her testimony against defendant was not newly discovered evidence; it would have merely impeached her as a witness and was not likely to lead to a different result (CPL 440.10 [1] [g]).

Finally, defendant's sentence was not harsh and excessive. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, first degree, and other offenses.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.