■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HALE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from convictions of burglary, robbery (three counts) and possession of burglar's tools entered following a joint trial of defendant and his codefendant, Miles (see, People v Miles, 136 AD2d 958 [decided herewith]), defendant contends, inter alia, that identification testimony should have been suppressed as the fruit of an improper showup and that the People's use of Miles' statements violated defendant's right of cross-examination and confrontation (Bruton v United States, 391 US 123). We disagree.

The evidence at the Wade hearing established that, when the police arrived at the scene, they observed two black males, one of whom they identified as defendant, leaving the victims' house. The officers found defendant crouching in bushes around the corner, arrested him, and, within five minutes of their arrival, drove him back to the victims' house. At that point, one of the victims came out of the house and, without police intervention, identified defendant as one of the intruders. We find nothing improper about that procedure (see, People v Love, 57 NY2d 1023; People v Adams, 53 NY2d 241, 249).

The use of Miles' statements did not violate defendant's Bruton rights. Defendant failed to move for a severance and the court granted the only relief he requested, redaction of defendant's name from the statements. Moreover, any Bruton violation would be harmless (Cruz v New York, 481 US —, 107 S Ct 1714). Miles' statements, even to the extent they can be deemed to incriminate defendant, recite precisely the same exculpatory version related by defendant in his trial testimony. Thus, there was no prejudice to defendant.

On the appeal of the codefendant (see, People v Miles, supra), we have considered defendant's remaining contentions and find them lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, first degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.