◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HOBBS, Appellant.—Judgment unanimously affirmed. Memorandum: The victim was struck in the head with a 28-ounce glass soda bottle hurled at him from a distance of 5 to 8 feet. The impact knocked him to the floor. Defendant then kneed the victim in the chest and punched and kicked him. The victim "blacked out" and, upon regaining his senses, was dizzy and barely able to crawl to a phone to summon the police. At the hospital emergency room, he continued to complain of nausea, dizziness and an inability to walk. He was admitted to the hospital and released the next day. A police officer testified that at the crime scene the victim's head was marked and swollen and that he complained of considerable pain in his head and dizziness. This evidence was legally sufficient to prove that the victim suffered a "physical injury" (Penal Law § 10.00 [9]; People v Bogan, 70 NY2d 860, rearg denied 70 NY2d 951; People v Miles, 136 AD2d 958, lv denied 71 NY2d 971; People v Fasano, 112 AD2d 791, lv denied 65 NY2d 979).

We also conclude that the evidence was legally sufficient to establish that only defendant and an accomplice took money from the establishment, and that the amount taken exceeded $250. The record indicates that the verdict was not contrary to the weight of evidence (see, People v Bleakley, 69 NY2d 490).

Finally, we reject the claim that defendant's sentence was harsh and excessive. Despite his youth (age 17 when the crime was committed), defendant previously had committed several crimes. The probation report noted his "apparently incorrigible behavior" and recommended incarceration. We cannot conclude that the length of the terms of imprisonment imposed constituted an abuse of discretion. (Appeal from judgment of Oneida County Court, Buckley, J.—robbery, first degree, and other charges.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.