■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAZ L. NICHOLLS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Harri-

gan, J.), rendered March 17, 1989, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant entered a counseled plea of guilty to attempted burglary in the third degree in full satisfaction of two indictments, one charging him with burglary in the third degree, criminal mischief in the second degree and petit larceny, and the other charging him with criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the fifth degree. The plea bargain also provided that defendant be sentenced as a second felony offender to an indeterminate prison term of 1½ to 3 years, the minimum legally permissible sentence. Subsequent to entry of the plea of guilty, defendant retained new counsel and moved, *inter alia,* to withdraw his guilty plea pursuant to CPL 220.60 (3). County Court denied defendant's motion, defendant was sentenced in accordance with the plea bargain and this appeal ensued.

There should be an affirmance. Initially, we reject the contention that defendant was deprived of effective assistance of counsel. Defendant's assigned attorney was responsible for negotiating an extremely advantageous plea bargain, substantially limiting defendant's exposure to imprisonment *(see, People v Corwin,* 137 AD2d 872, *lv denied* 71 NY2d 1025; *People v Bonk,* 83 AD2d 695). The mere fact that counsel did not engage in some pretrial procedures available to defendant does not, of itself, indicate ineffective assistance of counsel *(see, People v Peters,* 90 AD2d 618, 619). We also reject the contention that County Court erred in denying defendant's request for substitute counsel prior to entry of the plea of guilty. Defendant's bald claim that "the job is not being done well enough" did not constitute good cause for the substitution, especially since jury selection was about to commence *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Medina,* 44 NY2d 199, 208-209). Accordingly, County Court was justified in its refusal to adjourn the proceedings. Concluding, as we do, that defendant's plea of guilty was knowingly and voluntarily entered *(see, People v Knapp,* 122 AD2d 305, 306), particularly in view of his prior experience with the criminal justice system, we find that County Court did not abuse its discretion in denying the motion to withdraw it.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.