■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE M. DEETS, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered September 26, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In April 1988 a two-count indictment was handed up against defendant charging him with criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). Thereafter, on the return date of an order to show cause issued *sua sponte* by County Court with regard to the release of Grand Jury minutes to defendant in connection with his pending motion to dismiss the indictment, the People, on the record, consented

to dismiss the indictment and were given leave to resubmit. Defendant had retained counsel at this time and a review of the appearances noted on the stenographic transcript and recited by County Court reveals that although defendant was not personally present at the hearing, his attorney was there. In October 1988 a second indictment was handed up charging defendant with the same crimes. Defendant pleaded guilty to the criminal possession charge in full satisfaction of the indictment. Prior to sentencing, he moved to withdraw the guilty plea on grounds of coercion and ineffective assistance of counsel. The request was denied and defendant was sentenced to an indeterminate term of imprisonment of six years to life. This appeal ensued.

The substance of defendant's principal contention on appeal is that County Court erred in granting the People's application to dismiss the original indictment in the absence of defendant or his counsel. He argues that this action violated his statutory and constitutional rights to be represented by counsel and his right to be present at all stages of a criminal proceeding. Even leaving aside the fact that this argument was not raised by defendant in County Court in support of his application to withdraw his plea and is argued for the first time on appeal, we see no error, jurisdictional or otherwise, in the conduct of these proceedings. Inasmuch as it is uncontroverted that defendant had been and continued to be represented by counsel at the time of the hearing and, by all appearances, counsel evidently was present thereat, we see no violation of CPL 180.10 (3) or NY Constitution, article I, § 6.* Moreover, because only questions of law or procedure were involved during the hearing and defendant's absence did not in any way affect his ability to defend himself against the charges, he had no right to be physically present during that proceeding (see, e.g., People v Gebrosky, 80 NY2d 995; People v Velasco, 77 NY2d 469, 472; People v Rodriguez, 76 NY2d 918).

---

* Even assuming, arguendo, that counsel was not physically present at the hearing, under the circumstances we do not view this occurrence as a deprivation of defendant's right to counsel or his due process rights. The record reveals that defense counsel was named in the order to show cause as one to be served with the papers and thus evidently had notice that a hearing was to be held on matters concerning his client's case. Accordingly, this was not the surreptitious conspiracy by County Court and the District Attorney to deprive defendant of his rights that defendant now claims it to be. Rather, defense counsel's failure to appear, if true, and his subsequent failure to raise any objections to dismissal of the original indictment with leave to replead upon learning of it, speak more to the issue of effective assistance of counsel rather than to the subject of deprivation of right to counsel.

We have reviewed defendant's remaining contentions and find them to be without merit or unpreserved for review. We are satisfied that defendant received meaningful representation at each stage in the proceedings under the standard set forth in *People v Baldi* (54 NY2d 137) *(see, People v Alexander,* 161 AD2d 1035, *lv denied* 76 NY2d 851; *People v Corwin,* 137 AD2d 872, *lv denied* 71 NY2d 1025). There is also no support in the record for any of defendant's arguments concerning his claim that County Court abused its discretion in refusing to permit him to withdraw his plea of guilty *(see, People v Nicholls,* 157 AD2d 1004; *People v Clavijo,* 126 AD2d 907).

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).