■ In the Matter of "Baby Girl" Q., Also Known as Meagan Q., and Another, Children Alleged to be Permanently Neglected.

DAMAIRA Q., Appellant, and YESENIA A., Intervenor-Appellant. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [787 NYS2d 328]—

Orders of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about May 2, 2003, which, upon a finding of permanent neglect, terminated respondent's parental rights to the subject children and committed their guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent's claim that she was denied a fair fact-finding hearing and her constitutional right of confrontation by the admission of the agency's progress notes containing prejudicial hearsay, speculation and postpetition evidence is improperly raised for the first time on appeal (CPLR 4017, 5501 [a] [3]; *see Matter of Karen BB.*, 216 AD2d 754, 756-757 [1995]). Nor are we inclined to review the issue as a matter of discretion where the agency gave all interested parties reasonable advance notice of its intent to introduce into evidence those portions of its notes that were highlighted (*cf. Matter of Leon RR.*, 48 NY2d 117, 123-124 [1979]). In any event, were we to review, we would find that the testimony of the agency's caseworker established that the bulk of the highlighted portions of the notes were admissible as business records (*see id.* at 122-123), and that the few inadmissible notes were harmless (*see Matter of Nicole VV.*, 296 AD2d 608, 613 [2002], *lv denied* 98 NY2d 616 [2002]).

The progress notes provide clear and convincing evidence that respondent failed to complete any of the drug programs to which she was referred by the agency, and indeed continued to use drugs throughout the relevant period, and otherwise failed to plan for the future of the children despite the agency's diligent efforts (Social Services Law § 384-b [7]; *see Matter of Louis Jaybee J.*, 294 AD2d 285 [2002]). In addition, a preponderance of the evidence shows that it would not be in the best interests

of the children to either suspend judgment or transfer custody to respondent's sister, who intervened at dispositional stage and is an appellant herein (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Respondent has made little or no progress on the drug and other issues that caused the removal of the children in the first place (*see Matter of Michael B.*, 80 NY2d 299, 310-311 [1992]), and the children were faring much better with their present foster parents than they did while in the care of the sister. We have considered respondent's other arguments, including that her assigned counsel was ineffective, and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Ellerin, Gonzalez and Catterson, JJ.