■ In the Matter of LEROY C., JR. and Others, Children Alleged to be Permanently Neglected. HANNA N., Appellant; ST. CHRISTOPHER's INC., et al., Respondents, et al., Respondent. [805 NYS2d 61]—

Orders of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about November 20, 2003, which, upon a fact-finding determination of permanent neglect, terminated respondent-appellant's parental rights to the subject children and committed custody and guardianship to petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

Respondent does not challenge the merits of the fact-finding determination or order of disposition, which, we note, are amply supported by evidence showing that the agency's diligent efforts were frustrated by respondent's continued drug abuse, refusal to end her relationship with the father whose violent conduct had caused the removal of the children in the first instance (*see Matter of Jaquone Emiel B.*, 288 AD2d 57 [2001], *lv denied* 97 NY2d 608 [2002]), failure to maintain contact with a caseworker and failure to plan for the children's future. The claimed error in the admission into evidence of the agency case records is unpreserved and, in any event, without merit (*see Matter of "Baby Girl" Q.*, 14 AD3d 392 [2005], *lv denied* 5 NY3d 704 [2005] [caseworker's notes admitted as business records]).

We note that on two occasions the court proceeded to take testimony while respondent's attorney was absent from the courtroom. Moreover, on one of those occasions, the court was informed that the attorney was in the courthouse. Counsel, though aware of what had transpired in his absence, did not protest or even mention the issue at subsequent court appearances. Irrespective of any tactical reason for counsel's failure to raise an objection to the receipt of testimony in his absence (*see Matter of NiFlas GG.*, 285 AD2d 678, 680 [2001]; *cf. People v Deets*, 188 AD2d 889, 890 n [1992] [attorney's failure to appear on notice of hearing raises question of ineffective assistance, not deprivation of right to counsel]), the proof, including respondent's own testimony at both the fact-finding and dispositional hearings, provides extensive support for the court's disposition. The record shows no actual prejudice as a result of counsel's absence and failure to protest; rather, it establishes that respondent was meaningfully represented and received a fair hearing (*Matter of Matthew C.*, 227 AD2d 679, 683 [1996]). While the issue of whether respondent was deprived of the right to counsel is likewise unpreserved (*see People v Seiler*, 139 AD2d 832, 834

[1988] [failure to object to admission of statement on the ground that it was taken in violation of right to counsel renders issue unpreserved], *lv denied* 72 NY2d 924 [1988]; *see also Matter of Tiffany A.*, 295 AD2d 288, 289 [2002] [due process argument unpreserved]), we strongly disapprove of the practice of receiving evidence in the absence of counsel. Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.