■ In the Matter of KIMBERLY CAROLYN J. and Another, Children Alleged to be Permanently Neglected. TOWANNA EDNA J., Appellant; CARDINAL MCCLOSKEY SERVICES FOR CHILDREN, Respondent. [829 NYS2d 71]—

Order, Family Court, Bronx County (Carol A. Stokinger, J.), entered on or about July 6, 2005, which denied respondent mother's motion to vacate two orders of disposition, same court and Judge, entered on or about March 7, 2005, after conducting hearings upon her default, which granted the agency's petition, found that she had permanently neglected two of her children, terminated her parental rights and transferred custody and guardianship of the children to the Commissioner of Social Services and the agency for the purpose of adoption, unanimously

affirmed, without costs. Appeals from the aforesaid orders of disposition unanimously dismissed, without costs.

The orders of disposition entered on default are nonappealable (*see* CPLR 5511; *Matter of Sandra J.*, 25 AD3d 360 [2006]; *Matter of Rueben Doulphus R.*, 11 AD3d 398, 399 [2004], *lv dismissed in part and denied in part* 4 NY3d 759 [2005]). The court properly exercised its discretion in denying the motion to vacate the default since respondent failed to set forth a meritorious defense and a reasonable excuse (*see Matter of Jones*, 128 AD2d 403 [1987]). As to the merits, respondent's claims of compliance with directives that would permit her to regain custody were conclusory (*see Matter of Ashley Marie M.*, 287 AD2d 333, 334 [2001]) and were contradicted by both her own acknowledgment that she had failed to complete drug treatment and visited with the children only sporadically. Her claimed medical excuse for failing to appear on two hearing dates was undocumented (*see Matter of Joei R.*, 302 AD2d 334, 335 [2003], *lv dismissed in part and denied in part* 100 NY2d 575 [2003]). In any case, we note there was clear and convincing evidence of the agency's diligent efforts to encourage the parent-children relationship (*see e.g. Matter of Dominique Leonard P.*, 33 AD3d 359 [2006]) and a preponderance of evidence that termination of respondent's parental rights is in the best interests of both children (*see Matter of Edward Ramon B.*, 25 AD3d 465 [2006]). We further note that the clear and convincing evidence of only sporadic visitation would alone constitute permanent neglect (*see Matter of Jonathan M.*, 19 AD3d 197 [2005], *lv denied* 5 NY3d 798 [2005]). We decline to consider respondent's unpreserved constitutional claim, which was not raised in her motion to vacate (*Matter of Derrick T.*, 261 AD2d 108 [1999]; *see also Matter of Leroy C.*, 24 AD3d 143, 144-145 [2005], *lv denied* 6 NY3d 708 [2006]). Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.