■ In the Matter of SIMON J. and Others, Children Alleged to be Permanently Neglected. MARIE J., Appellant; FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent. [836 NYS2d 63]—

Order, Family Court, Bronx County (Allen Alpert, J.), entered on or about January 6, 2006, which denied respondent mother's motion to vacate orders of disposition entered on or about October 19, 2005 (Simon J., Timothy W., William, J.) and on or about October 31, 2005 (Antoinette W.) which, upon her defaults, terminated her parental rights to the subject children upon findings of permanent neglect, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs. Appeal from the aforementioned dispositional orders unanimously dismissed, without costs.

No appeal lies from the dispositional orders entered on default (CPLR 5511; *see Matter of Kimberly Carolyn J.*, 37 AD3d 174

[2007]). Vacatur of the default orders was properly denied inasmuch as respondent failed to establish a reasonable excuse for her failure to appear at the fact-finding and dispositional hearings (*see Matter of Menesha B.*, 306 AD2d 22 [2003]) and a meritorious defense to the petition alleging permanent neglect (*Matter of Wesley Antonio C.*, 268 AD2d 299 [2000]). The uncontroverted evidence, consisting of agency progress notes, which were properly admitted into evidence (*see Matter of "Baby Girl" Q.*, 14 AD3d 392 [2005], *lv denied* 5 NY3d 704 [2005]), showed clearly and convincingly that despite the agency's diligent efforts (*see Matter of Star Leslie W.*, 63 NY2d 136, 142-144 [1984]), respondent permanently neglected the subject children. The progress notes establish that respondent failed during the statutorily relevant period to meet any of her service plan goals, i.e., to complete domestic violence and individual counseling, regularly visit with her children, obtain suitable housing, and secure a source of income, and thus failed to plan for her children's future (*see* Social Services Law § 384-b [7] [a]). A preponderance of the evidence established that it was in the subject children's best interests that respondent's parental rights be terminated so as to free the children for adoption by their respective foster mothers (*see Matter of Kristen Simone V.*, 30 AD3d 174 [2006]).

Respondent's remaining arguments are unavailing. Concur—Friedman, J.P., Marlow, Williams, Buckley and McGuire, JJ.