In the Matter of KYLE K. and Another. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HARRY K., Appellant. [899 NYS2d 512]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered March 20, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On a prior appeal, we modified an order granting two petitions seeking to terminate the parental rights of respondent father with respect to his two children on the grounds of, respectively, mental illness and permanent neglect (*Matter of Kyle K.*, 49 AD3d 1333 [2008], *lv denied* 10 NY3d 715 [2008]). We dismissed the petition alleging that the father suffered from mental illness, and we remitted the matter to Family Court for a dispositional hearing on the petition alleging permanent neglect (*id.*). The father now appeals from the order terminating his parental rights following that dispositional hearing.

We agree with the father that the court erred in precluding him from cross-examining witnesses at the dispositional hearing concerning the stability of the foster home environment, which in this case is likewise the prospective adoptive home environment. "Unlike a fact-finding hearing [that] resolves the issue of permanent neglect and in which the best interests of the child[ren] play no part in the court's determination, the court in the dispositional hearing must be concerned only with the best interests of the child[ren]" (*Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]; *see* Family Ct Act § 631; *Matter of Brendan S.*, 39 AD3d 1189 [2007]). Among the factors to be considered at such a hearing are the environment and the stability of the prospective adoptive home (*see e.g. Matter of Shaianna Mae F. [Tsipora S.]*, 69 AD3d 437 [2010]; *Matter of Jaiheem M.S.*, 62 AD3d 569 [2009]). We conclude, however, that the error is harmless because the evidence, "including [the father's] own testimony . . . provides extensive support for the court's disposition" (*Matter of Leroy C.*, 24 AD3d 143, 144 [2005], *lv denied* 6 NY3d 708 [2006], *rearg denied* 7 NY3d 736 [2006]).

We reject the father's further contention that the court abused its discretion in refusing to enter a suspended judgment. The children had been living for four years with the foster parents, who wished to adopt them, and the children, who were teenagers at the time of the dispositional hearing, wished to be adopted by the foster parents. Furthermore, "[t]he progress made by [the father] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of

the child[ren's] unsettled familial status" (*Matter of Maryline A.*, 22 AD3d 227, 228 [2005]; *see Matter of Donovan W.*, 56 AD3d 1279 [2008], *lv denied* 11 NY3d 716 [2009]; *Matter of Kaseem J.*, 52 AD3d 1321 [2008]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.