■ In the Matter of BREEANA R.W., a Child Alleged to be Permanently Neglected. ANTIGONE W., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [933 NYS2d 245]—

The finding is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The record shows the agency made diligent efforts to strengthen and encourage respondent's relationship with the child by referring her to services and scheduling regular visitation. Respondent refused to consistently attend therapy and take her medication, visited sporadically and failed consistently to remain in contact with the agency. The agency records were admissible as an exception to the hearsay rule because the agency demonstrated that it was within the scope of the entrant's business duty to contemporaneously record the acts, transactions or occurrences sought to be admitted, and each participant in the chain producing the record, from the initial declarant to the final entrant, was acting within the course of regular business conduct (CPLR 4518 [a]; *Matter of Leon RR*, 48 NY2d 117, 122 [1979]). Unlike *Matter of Leon RR*, here, appellant received the record in advance of trial and had the opportunity to object to specific entries, which she failed to do (*see Matter of "Baby Girl" Q.*, 14 AD3d 392, 393 [2005], *lv denied* 5 NY3d 704 [2005]; *Matter of Jaquone Emiel B.*, 288 AD2d 57, 58 [2001], *lv denied* 97 NY2d 608 [2002]).

A suspended judgment was not warranted since the mother did not demonstrate that she had made significant progress in overcoming her problems and the best interests of the child favor stability (*see Matter of Tony H.*, 28 AD3d 379 [2006]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.