In the Matter of JALIL U. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL L.-U., Appellant. (Proceeding No. 1.) In the Matter of JOSIAH U. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL L.-U., Appellant. (Proceeding No. 2.) In the Matter of ORIANNA U. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL L.-U., Appellant. (Proceeding No. 3.) [996 NYS2d 358]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated May 22, 2013, which, upon remittitur from this Court by decision and order dated February 6, 2013 (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658 [2013]), and upon a decision of the same court dated May 21, 2013, made after a hearing, found that she permanently neglected the subject children, terminated her parental rights, and committed the guardianship and custody of the children to the petitioner for the purpose of adoption.

Ordered that, on the Court's own motion, the notice of appeal from the decision dated May 21, 2013, is deemed to be a notice of appeal from the order of fact-finding and disposition dated May 22, 2013 (see CPLR 5512 [a]); and it is further,

Ordered that the order of fact-finding and disposition dated May 22, 2013, is affirmed, without costs or disbursements.

The Family Court properly determined that the best interests of the subject children would be served by terminating the mother's parental rights and freeing the children for adoption by their foster parents (see Matter of Yamilette M.G. [Marlene M.], 118 AD3d 698, 700 [2014]; Matter of Joshua E. S.-H. [Tanya L.S.], 97 AD3d 589, 589 [2012]; Matter of Gordon Lee R., 49 AD3d 882, 883 [2008]). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her lack of insight into her problems and her failure to address the primary issues which led to the children's removal in the first instance

(*see Matter of Christopher T. [Margarita V.]*, 94 AD3d 900, 901 [2012]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088-1089 [2011]; *Matter of Kyle K. [Harry K.]*, 72 AD3d 1592, 1593-1594 [2010]; *cf. Matter of Christopher Lee B.*, 65 AD3d 549, 550 [2009]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.