■ In the Matter of Justice C. Suffolk County Department of Social Services, Respondent; Wanda C., Appellant. (Proceeding No. 1.) In the Matter of Justine C. Suffolk County Department of Social Services, Respondent; Wanda C., Appellant. (Proceeding No. 2.) In the Matter of Jeremiah C. Suffolk County Department of Social Services, Respondent; Wanda C., Appellant. (Proceeding No. 3.) In the Matter of Janaysha W. Suffolk County Department of Social Services, Respondent; Wanda C., Appellant. (Proceeding No. 4.) [998 NYS2d 913]—Appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (John Kelly, J.), both dated December 20, 2013. The first order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated the mother's parental rights, and transferred the guardianship and custody of the subject children to the petitioner Suffolk County Department of Social Services for the purpose of adoption. The second order, after fact-finding and dispositional hearings, found that the mother abandoned the subject children, terminated the mother's parental rights, and transferred the guardianship and custody of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

The evidence at the dispositional hearing established beyond a reasonable doubt that the continued custody of the subject children by the mother is likely to result in serious emotional or physical damage to the children pursuant to the Indian Child Welfare Act (see 25 USC § 1912 [f]). Moreover, the Family Court properly determined that the best interests of the children would be served by terminating the mother's parental rights and freeing them for adoption by their foster parents (see Matter of Jalil U. [Rachel L.-U.], 122 AD3d 869 [2014]; Matter of Yamilette M.G. [Marlene M.], 118 AD3d 698, 700 [2014]; Matter of Joshua E. S.-H. [Tanya L.S.], 97 AD3d 589, 589 [2012]). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her lack of insight into her problems and her failure to address the primary issues which led to the

children's removal in the first instance (*see Matter of Christopher T. [Margarita V.]*, 94 AD3d 900, 901 [2012]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088-1089 [2011]; *Matter of Kyle K. [Harry K.]*, 72 AD3d 1592, 1593-1594 [2010]).

The mother contends that she should have been permitted to voluntarily surrender the subject children conditioned upon her ability to maintain post-termination contact and visitation with them. However, the record does not support the mother's contention that she was prepared to voluntarily surrender the subject children (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 437-438 [2012]).

The mother's remaining contention is without merit. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.