Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (llana Gruebel, J.), dated October 1, 2016. The order of fact-finding and disposition, insofar as appealed from, upon a decision of that court dated August 23, 2016, made after fact-finding and dispositional hearings, terminated the mother’s parental rights and transferred guardianship and custody of the subject child jointly to the Jewish Child Care Association of New York and the Commissioner of Social Services of the City of New York for the purpose of adoption.
 

 Ordered that on the Court’s own motion, the notice of appeal from the decision dated August 23, 2016, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated October 1, 2016 (see CPLR 5520 [c]); and it is further,
 

 Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
 

 The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the parents’ parental rights to the subject child on the ground of permanent neglect. The petition alleged that the child had continuously remained in the care of an authorized agency since April 5, 2011, when he was three months old, and that despite the agency’s efforts to help each parent develop meaningful relationships with the child, each failed to cooperate and engage in necessary services. During the pendency of the proceeding, the father conditionally surrendered his parental rights under Social Services Law § 383-c. After a fact-finding hearing, the Family Court found that the mother had permanently neglected the child. Thereafter, a dispositional hearing was held, at which the mother asked for a suspended judgment. After the disposi-tional hearing, the Family Court found that it was in the child’s best interests to terminate the mother’s parental rights and free the child for adoption. In that regard, the Family Court found, among other things, that the child, then five years old, had resided in the same kinship foster home for at least three years, and that the foster mother, with whom the child had bonded, had agreed to adopt the child if he were freed for adoption. The mother appeals, arguing that the Family Court erred in failing to grant a suspended judgment. We affirm.
 

 A dispositional order suspending judgment is a dispositional alternative, upon a finding of permanent neglect, that affords “a brief grace period designed to prepare the parent to be reunited with the child” (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Family Ct Act § 633). In essence, an order suspending judgment provides the parent with a second chance, but it may be utilized only when the court determines that a second chance is in the child’s best interests (see Family Ct Act §§ 631, 633; Matter of Michael B., 80 NY2d at 311; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 659 [2013]). Here, the Family Court properly determined that termination of the mother’s parental rights was in the best interests of the child, and that a suspended judgment was not appropriate given the mother’s lack of insight into her problems and her failure to address the primary issues which led to the child’s removal (see Matter of Lasuree A.B. [Carla S.B.], 141 AD3d 578, 579 [2016]; Matter of Aaliyah L.C. [Jamie A.], 128 AD3d 955, 956 [2015]; Matter of Kayla S.-G. [David G.], 125 AD3d 980, 981 [2015]; Matter of Justice C. [Wanda C.], 124 AD3d 885, 885-886 [2015]; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828 [2014]; Matter of Christopher T. [Margarita V.], 94 AD3d 900, 901 [2012]).
 

 Balkin, J.P., Austin, Sgroi and Brathwaite Nelson, JJ., concur.