Matter of Jasiah T.-V. S.J. (Joshua W.--Shatesse J.) (2018 NY Slip Op 08020)





Matter of Jasiah T.-V. S.J. (Joshua W.--Shatesse J.)


2018 NY Slip Op 08020


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-07009
 (Docket No. B-24720-10)

[*1]In the Matter of Jasiah T.-V. S.J. (Anonymous). Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, petitioner- appellant-respondent; Joshua W. (Anonymous), respondent-respondent, Shatesse J. (Anonymous), respondent-appellant-respondent; Taffee W. (Anonymous), et al., nonparty-respondents.


Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Kreuza Ganolli and Kristin L. Williams of counsel), for petitioner-appellant-respondent.
Richard Cardinale, Brooklyn, NY, for respondent-appellant-respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent-respondent.
Mark Diamond, New York, NY, for nonparty-respondent Taffee W.
Linda Braunsberg, Staten Island, NY, for nonparty-respondent Angela S.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.
In a proceeding pursuant to Social Services Law § 384-b, the petitioner appeals, and the birth mother separately appeals, from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated June 5, 2017. The order, insofar as appealed from by the birth mother, after a fact-finding hearing and a dispositional hearing, and upon a finding that she permanently neglected the subject child, granted that branch of the petition which was to terminate her parental rights. The



DECISION & ORDER
order, insofar as appealed from by the petitioner, dismissed the petition insofar as asserted against the father and, in effect, dismissed that branch of the petition which was to free the subject child for adoption.
ORDERED that the order is affirmed insofar as appealed from by the birth mother, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as appealed from by the petitioner, on the law, without costs or disbursements, the petition insofar as asserted against the father is reinstated, that branch of the petition which was to terminate the father's parental rights is denied as unnecessary, and that branch of the petition which was to free the subject child for adoption is granted.
In October 2010, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the birth mother's parental rights on the grounds of permanent neglect and abandonment and to free the subject child for adoption. After the birth mother failed to appear for a fact-finding hearing, the Family Court proceeded to an inquest, and found that the birth mother had permanently neglected the child. Moreover, on a prior appeal, this Court affirmed an order dated September 24, 2012, which granted the petitioner's motion for a determination that the father's consent to the adoption of the child was not required pursuant to Domestic Relations Law § 111(1)(d) (see Matter of Jasiah T.-V.S.J. [Joshua W.], 112 AD3d 717), which obviated the need for a termination of the father's parental rights (see Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10, 16). Following a dispositional hearing, the Family Court found that the birth mother's parental rights should be terminated, but that the child should remain in foster care, without being freed for adoption, as "it would be contrary to [the child's] best interests to terminate his relationship with his Father." In an order dated June 5, 2017, the court, inter alia, terminated the birth mother's parental rights. The birth mother appeals from that portion of the order. In that same order, the court, inter alia, in effect, dismissed that branch of the petition which was to free the child for adoption. The petitioner appeals from that portion of the order.
Contrary to the birth mother's contention, under the circumstances presented, including the birth mother's repeated and largely unexplained failures to appear in court and the already protracted nature of the proceedings, the Family Court providently exercised its discretion in conducting portions of the dispositional hearing in the birth mother's absence (see Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 850-851; Matter of Lillian D.L., 29 AD3d 583, 584). Furthermore, contrary to the birth mother's contention, the disposition of a suspended judgment was not warranted. "A dispositional order suspending judgment is a dispositional alternative, upon a finding of permanent neglect, that affords a brief grace period designed to prepare the parent to be reunited with the child'" (Matter of Anthony N. C. [Tinisha R.], 155 AD3d 864, 865, quoting Matter of Michael B., 80 NY2d 299, 311; see Family Ct Act § 633). "In essence, an order suspending judgment provides the parent with a second chance, but it may be utilized only when the court determines that a second chance is in the child's best interests" (Matter of Anthony N. C. [Tinisha R.], 155 AD3d at 865). Here, a suspended judgment was not appropriate given the absence of evidence showing that the birth mother had gained any insight into her problems or sought to address the issues which led to the child's removal from her custody in the first instance (see Matter of Zachi D.D. [Jeffrey D.], 124 AD3d 776, 777). Moreover, the testimony presented at the dispositional
hearing established that the child has bonded with the foster mother, with whom the child had been living since infancy (see Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726-727; Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 951).
Furthermore, contrary to the father's contention on the petitioner's appeal, the Family Court should have granted that branch of the petition which was to free the child for adoption. "This Court will not disturb a Family Court's determination regarding the best interests of the child unless it lacks a sound and substantial basis in the record" (Matter of Tabitha T. S. M. [Tracee L.M.—Candace E.], 159 AD3d 703, 704). Here, the hearing court's finding that it would be in the best interests of the child to remain in foster care instead of being freed for adoption lacks such a sound and substantial basis. The finding was based primarily on the opinions offered by the court-appointed evaluator, who recommended that the foster mother have custody of the child because she raised him since he was an infant, she has an "extremely close bond" with him, and she is able to take care of the child's special needs. While the evaluator also opined that the child has a "very positive relationship" with the father, and that it would not be in the best interests of the child to sever that relationship by freeing the child for adoption, the evaluator conceded that the foster mother and the father view each other with "significant distrust," that the child "hears conflicting information" from the foster mother and the father, that the child "senses their anger and conflict," and that the conflict was "very stressful" and "anxiety provoking" for the child. Although "[t]he recommendations of court-appointed experts are . . . entitled to some weight," they are not determinative (Matter of Pitt v Reid, 111 AD3d 946, 946). Based on the record before us, we find that the hearing court gave undue weight to the evaluator's conclusions with regard to the benefits of the child's relationship with the father (see Matter of Connolly v Walsh, 126 AD3d 691, 694) and [*2]failed to accord sufficient weight to the impact on the child of long-term foster care, which would continue to expose him to the distrust between the foster mother and the father, and deprive the child of "a permanent, nurturing family relationship" (Matter of Michael B., 80 NY2d 299, 310; see Matter of Cheyanne V., 55 AD3d 1383).
Moreover, the Family Court did not give sufficient weight to testimony from the assigned case planner and the foster mother that the child repeatedly had contact with the birth mother during his visits with the father, in violation of the court's directive precluding such contact with the birth mother. Similarly, the evaluator did not consider either the possibility that the father was exposing the child to the birth mother or the effects on the child of continued contact with the birth mother, information vital to assessing the best interests of the child.
Under all of the circumstances, we find that the record warrants a determination that the best interests of the child would be served by freeing him for adoption by the foster mother, with whom he has bonded and lived for nearly 10 years since infancy (see Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing determination.
Accordingly, we agree with the Family Court's termination of the birth mother's parental rights, but disagree with the court's determination denying that branch of the petition which was to free the child for adoption.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.

2017-07009 DECISION & ORDER ON MOTION
In the Matter of Jasiah T.-V. S. J. (Anonymous).
Heart Share Human Services of New York,
Roman Catholic Diocese of Brooklyn, petitioner-
appellant-respondent; Joshua W. (Anonymous),
respondent-respondent, Shatesse J. (Anonymous),
respondent-appellant-respondent; Taffee W.
(Anonymous), et al., nonparty-respondents.
(Docket No. B-24720-10)

Motion by the nonparty-respondent Taffee W. to strike the brief of the attorney for the child on appeals from an order of the Family Court, Kings County, dated June 5, 2017, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated July 11, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court