■ In the Matter of DESIRE STAR H. In the Matter of AKEVA H. In the Matter of FERNANDO H. EVA H., Appellant; ANGEL GUARDIAN HOME et al., Respondents. [609 NYS2d 268] —In three proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother of three children, the mother appeals from three dispositional orders of the Family Court, Kings County (Staton, J.), dated December 23, 1991, which terminated her parental rights and committed the custody of the children to the Angel Guardian Home and the Commissioner of Social Services of the City of New York. The appeal brings up for review a fact-finding order of the same court which, after a hearing, found that the mother had permanently neglected her three children.

Ordered that the dispositional orders are affirmed, without costs or disbursements.

The appellant Eva H. is the mother of three children who are presently in foster care: Akeva, who is now nearly eight years old, Fernando, age seven, and Desire, age five. In 1987, the Commissioner of Social Services commenced neglect pro-

ceedings against the mother, alleging that she was using illegal drugs and was not providing adequate care to Akeva and Fernando. Following a finding of neglect on November 18, 1987, Akeva and Fernando were placed in the care of the petitioner agency, the Angel Guardian Home. When the youngest child, Desire, was born on January 13, 1989, with a positive toxicology for cocaine, another neglect proceeding was instituted against the mother, and Desire was placed in the petitioner's care in July 1989. Since March 1991, all three children have resided together in a pre-adoptive foster home.

The evidence presented at the fact-finding hearing revealed, *inter alia,* that during the nearly three year period between November 1987, when Akeva and Fernando first came into foster care, and August 1990, when the petitions to terminate parental rights were filed, the mother visited the children approximately five times, and did not attempt to enter a drug treatment program, obtain permanent housing, or attend a parenting skills class. Moreover, during an almost 11-month-period, from December 1988 to October 1989, the mother had no contact at all with the foster care agency, and her whereabouts were unknown.

On appeal, the mother contends that the Family Court erred in terminating her parental rights because the agency failed to sustain its burden of proving that it made diligent efforts to strengthen the parental relationship. An agency will, however, be excused from its statutory obligation to undertake diligent efforts to reunite parent and child when "the parent has failed for a period of six months to keep the agency apprised of his or her [whereabouts]" (Social Services Law § 384-b [7] [e] [i]; *see also, Matter of Sheila G.,* 61 NY2d 368, 383). Contrary to the mother's assertions, the record supports the Family Court's finding that she failed to keep the agency apprised of her whereabouts for a continuous period of well over six months. Accordingly, the Family Court properly determined that the agency was excused from the diligent efforts requirement *(see, Matter of Yesenia D.,* 198 AD2d 109; *Matter of Gyvon Lamar P.,* 190 AD2d 592; *Matter of Zagary George Bayne G.,* 185 AD2d 320, 321; *Matter of Katina Valencia H.,* 119 AD2d 821). In any event, although the agency was excused from its statutory obligation to make diligent efforts to strengthen the mother's relationship with the children, its caseworkers did make diligent attempts to locate and contact the mother in order to encourage regular visitation with the children and her enrollment in a drug treatment program.

We further find that the record supports the Family Court's

conclusion that the mother failed to substantially maintain contact with her children, and failed to plan for their future by, *inter alia,* taking steps to overcome her drug problem prior to the filing of the petitions to terminate her parental rights. The children were therefore permanently neglected *(see, Matter of Zagary George Bayne G., supra; Matter of Tammy B.,* 185 AD2d 881; *Matter of Brooke Louise H.,* 158 AD2d 425).

Finally, we agree that despite the mother's recent enrollment in a drug treatment program, the best interests of the children will be served by termination of her parental rights *(see, Matter of Star Leslie W.,* 63 NY2d 136, 147). After a finding of permanent neglect, there is no presumption that the best interests of the children will be served by placement with the natural parent *(see, Matter of Star Leslie W., supra),* and here the record establishes that Akeva and Fernando have resided in the same stable and loving foster home since February 1988, and that the three siblings were reunited when Desire was transferred to that home in March 1991. The three children have bonded to the foster parents, who wish to adopt them, and to each other. Under all of the circumstances of this case, we decline to disturb the Family Court's dispositional orders. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.