◼ In the Matter of LITTLE FLOWER CHILDREN'S SERVICES, on Behalf of JOHN EDWARD M. HYMES W., Appellant, v SELENA MARIA W., Respondent. In the Matter of LITTLE FLOWER CHILDREN'S SERVICES, on Behalf of FEMALE W., Appellant, v SELENA MARIE W., Respondent. [677 NYS2d 169] —In two proceedings pursuant to Social Services Law § 384-b to terminate parental rights, the petitioner appeals from so much of two orders of disposition (one in each proceeding) of the Family Court, Kings County (Grosvenor, J.), both dated July 7, 1997, as, after a fact-finding hearing, granted the mother's motion to dismiss the petitions as against her.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

The petitioner, Little Flower Children's Services (hereinafter Little Flower), commenced these proceedings, *inter alia,* to terminate the parental rights of the respondent mother on the ground of permanent neglect (*see,* Social Services Law § 384-b [7] [a]). At the close of a fact-finding hearing, the Family Court granted the mother's motion to dismiss the petitions as against her on the ground that Little Flower had failed to meet its threshold burden of demonstrating that it had undertaken diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Gregory B.,* 74 NY2d 77; *Matter of Sheila G.,* 61 NY2d 368; *Matter of Alicia Shante H.,* 245 AD2d 509). We affirm.

The appeals bring into sharp focus the necessity and

importance of maintaining accurate and complete records. At the hearing, Little Flower relied on the testimony of a single caseworker. However, the caseworker, whose testimony was contradictory on several points, had little or no independent recollection of the relevant events and relied heavily on her notes and the agency's records. The notes and records, some of which were generated months after the subject event had occurred, proved inaccurate and incomplete. In sum, there was a failure of proof and the Family Court properly dismissed the petitions as against the mother (*see, Matter of Lisa M.,* 222 AD2d 1088; *Matter of Jessica UU.,* 174 AD2d 98). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.