■ In the Matter of "Baby Boy" E., an Infant. New York Foundling Hospital, Respondent; Crystal E., Appellant. [840 NYS2d 130]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Richardson-Mendelson, J.), dated August 30, 2006, which, after fact-finding and dispositional hearings, found that she had permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner established, by clear and convincing evidence, that for a period of one year following the child's placement with an authorized agency, the mother failed to substantially and continuously maintain contact with the child, and failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the petitioner's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]). Specifically, for more than 15 out of 22 months following the child's placement with the agency, the mother failed, inter alia, to visit the child, or to plan for herself by enrolling in and completing a substance abuse program (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 144 [1984]; *Matter of Jonathan R.*, 30 AD3d 426, 427 [2006]).

In light of the facts that the child has bonded with his foster mother, with whom he resided for at least six years and who wishes to adopt him, and that the mother had no plan for the child's future, the Family Court properly determined that the best interests of the child would be served by terminating the

mother's parental rights and freeing the child for adoption (see *Matter of W. Children*, 226 AD2d 385 [1996]; *Matter of Vincent Anthony C.*, 235 AD2d 283 [1997]). Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.