■ In the Matter of SORIN P. ST. DOMINIC's HOME et al., Respondents; SORIN P., SR., et al., Appellants. [873 NYS2d 89]—

In a proceeding to terminate parental rights pursuant to Social Services Law 384-b, the parents separately appeal from an order of fact-finding and disposition of the Family Court, Queens County (Richroath, J.), entered January 14, 2008, which, after fact-finding and dispositional hearings, found that the subject child was permanently neglected, terminated their respective parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York for purposes of adoption.

Ordered that the order is affirmed, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the petitioner must establish as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]

[a]; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 383 [1984]; *Matter of Michelle Rennee H.*, 48 AD3d 684 [2008]; *Matter of Amy B.*, 37 AD3d 600 [2007]; *Matter of Chimere C.*, 259 AD2d 615 [1999]; *cf. Matter of Little Flower Children's Servs. v Selena Maria W.*, 253 AD2d 556, 557 [1998]). The petitioner is obligated to accommodate a parent's special needs, including use of a language other than English (*see Matter of Nicole Lina C.*, 269 AD2d 239 [2000]; *cf. Matter of Richard W.*, 265 AD2d 685 [1999]).

At the fact-finding hearing, the petitioner showed that it exercised diligent efforts by evidence that it provided services to the parents, including individual and family counseling, arranging for visitation, and providing transportation to visitation. The petitioner also provided the services of an interpreter for the Romanian-speaking parents, and referred them to classes dealing with parenting skills, as well as domestic, alcohol, and sexual abuse. Although the parents attended therapy and participated in parental skills training, their testimony and that of their therapists demonstrated that they never acknowledged their responsibility for the behavior that led to the subject child's placement in foster care. Instead, the parents continued to blame the petitioner for the child's emotional and medical problems. The evidence established the parents' permanent neglect despite the agency's efforts (*see Matter of Shaquill Dywon M.*, 50 AD3d 1142 [2008]; *Matter of Ailayah Shawneque L.*, 40 AD3d 1097 [2007]; *Matter of James X.*, 37 AD3d 1003 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005 [2006]).

In freeing the child for adoption, the court properly considered the best interests of the child, including the fact that he had spent more than nine years, substantially all of his life, in foster care (*see Matter of Daevon Lamar P.*, 48 AD3d 469, 470 [2008]; *Matter of Jennifer R.*, 29 AD3d 1005 [2006]; *Matter of Kianna Maria L.*, 26 AD3d 166 [2006]; *Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d 602, 603 [1993]). Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.