■ In the Matter of TESHANA TRACEY T., Also Known as TESHANA T., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANET T., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of CHRIS O'NEIL T., Also Known as CHRIS T., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANET T., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of KIMBERLY TANYA T., Also Known as KIMBERLY T., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANET T., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of NOEL ROY T., JR., Also Known as NOEL T., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANET T., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of JASON ALEX T., Also Known as JASON T., a Child Alleged to be Permanently Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANET T., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of JESSICA LAURA T., Also Known as JESSICA T., a Child Alleged to be Permanently Ne-

glected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANET T., Appellant, et al., Respondent. (Proceeding No. 6.) [896 NYS2d 470]—

In six related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of six orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Richroath, J.), all dated June 25, 2008, as, upon a decision of the same court dated January 31, 2007, made after a fact-finding hearing, and upon a decision of the same court dated May 28, 2008, made after a dispositional hearing, found that she permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children jointly to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeal from the order of fact-finding and disposition pertaining to Teshana Tracey T. is dismissed as academic, without costs or disbursements, as that child has reached the age of 18 (see Matter of Francisco Anthony C.F., 305 AD2d 410, 411 [2003]); and it is further,

Ordered that the orders of fact-finding and disposition pertaining to Chris O'Neil T., Kimberly Tanya T., Noel Roy T., Jr., Jason Alex T., and Jessica Laura T., are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly found that the mother permanently neglected the children. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the children and planning for the children's future (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). These efforts included facilitating visitation, repeatedly providing the mother with referrals for services and counseling, repeatedly advising the mother that she must attend the visitation programs and therapy sessions, advising the mother that she needed to secure adequate housing for herself and the children, and providing the mother with a referral to secure housing (see

*Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009], *lv denied* 13 NY3d 717 [2010]; *Matter of Aliyanna M.*, 58 AD3d 853, 854 [2009]; *Matter of Kayshawn Raheim E.*, 56 AD3d 471, 472 [2008]). Despite these efforts, the mother failed to plan for the children's future (*see Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Amy B.*, 37 AD3d 600, 601 [2007]).

Furthermore, the Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights, thus freeing them for adoption (*see Matter of "Baby Boy" E.*, 42 AD3d 536, 536-37 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005, 1007 [2006]; *Matter of Desire Star H.*, 202 AD2d 582, 584 [1994]). Although the evidence presented at the dispositional hearing established that Chris, who is over 14 years of age, is not prepared to consent to adoption as provided by Domestic Relations Law § 111 (1) (a), the desires of a child who is over 14 years of age is but one factor that the Family Court may consider in determining whether termination of parental rights is in that child's best interests (*see* Social Services Law § 384-b [3] [k]). Under the particular facts of this case, where the father's parental rights with respect to Chris and his siblings have been terminated on the ground of permanent neglect stemming from underlying acts of abuse and violence, where the mother's own testimony during the dispositional hearing made clear that she has not definitively excluded the father from her life and future plans, and where Chris has indicated that he does not desire to be with the father, termination of the mother's parental rights with respect to Chris is in his best interests, notwithstanding his hesitancy toward adoption (*cf. Matter of Kayshawn Raheim E.*, 56 AD3d at 473). Notably, new information, which this Court may properly consider (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]), indicates that Chris, after being informed of the Family Court's determination to terminate the mother's parental rights, stated that he is willing to work with his foster parents and to keep attending adoption counseling. Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.