■ In the Matter of NICHOLAS R., a Child Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JASON S., Appellant. (Proceeding No. 1.) In the Matter of NICHOLAS R., a Child Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRI W., Appellant. (Proceeding No. 2.) [919 NYS2d 241]—

Rose, J.

Respondents Jason S. (hereinafter the father) and Terri W. (hereinafter the mother) are the unmarried parents of Nicholas R. (born in 2001). In 2003, Family Court determined that the

father neglected the child based on findings that, among other things, he committed numerous acts of domestic violence against the mother and killed family pets during fits of rage. Based in part on continuing incidents of domestic violence and the mother's continued residence with the father despite an order of protection prohibiting the father from having any contact with the child, Family Court placed the child with petitioner, continued the order of protection preventing any contact between the father and the child, issued additional orders of protection directing that the mother and father have no contact with each other and thereafter made a finding of neglect against both respondents. Despite the orders of protection, respondents remained in contact with each other and the father's violence continued, including an incident when he broke into the mother's apartment and slashed her furniture with a knife while she hid in a closet. Petitioner commenced these permanent neglect proceedings against respondents in 2009 and, after a fact-finding and dispositional hearing, Family Court adjudicated the child to be permanently neglected and terminated respondents' parental rights. Respondents appeal and we affirm.

As a threshold issue, the evidence supports Family Court's finding, by clear and convincing evidence, that petitioner engaged in diligent efforts to strengthen the relationships of both the mother and the father with the child, and to remove the barriers preventing reunification (*see* Social Services Law § 384-b [7] [a]; *Matter of Laelani B.*, 59 AD3d 880, 881 [2009]; *Matter of Alaina E.*, 59 AD3d 882, 884-885 [2009], *lv denied* 12 NY3d 710 [2009]). Testimony from petitioner's assigned caseworker established that she prepared separate service plans for the father and the mother, met with each of them to review the plans, kept each of them up to date on the status of the child, made appropriate referrals, followed up with appropriate services and offered assistance in obtaining those services. The father's claim that he was not given priority over others on the wait list for mental health services because the caseworker "sabotaged" him is unavailing. Given the father's admission that he in fact told the caseworker that he would only engage in counseling because it was required, we reject his suggestion that, in order to make diligent efforts on his behalf, the caseworker was required to lie in response to a question from the director of those services asking about the father's level of interest. The father's further contention that petitioner failed to arrange supervised visitation is equally baseless given the existence of an order of protection preventing him from having any contact with the child (*see Matter of Curtis N.*, 290 AD2d 755, 757-758 [2002], *lv dismissed* 97 NY2d 749 [2002]). As for

the mother's assertion that more should have been done to procure mental health services for her, it ignores her own recalcitrance and unwillingness to engage in any such services other than basic screening (see Matter of Destiny CC., 40 AD3d 1167, 1169 [2007]).*

The mother next contends that the evidence does not support the determination that she permanently neglected the child. We disagree. Once petitioner establishes diligent efforts, the parent must then demonstrate that the problems have been addressed and that there is a meaningful plan for the child's future (see Matter of Alaina E., 59 AD3d at 885; Matter of George M., 48 AD3d 926, 928 [2008]). Here, the record reveals that the mother engaged in and completed many of the services offered to her, but she failed to gain insight into the problems that caused the child's removal and were preventing his return to her care (see Matter of Mary MM. [Leuetta NN.], 72 AD3d 1427, 1429 [2010], lv denied 15 NY3d 703 [2010]; Matter of Isaiah F., 55 AD3d 1004, 1006 [2008]). The child was removed based on the ongoing domestic violence and the mother's inability or unwillingness to provide a safe home for the child, yet she continued to have contact with the father. The record reflects that the mother had limited understanding of the effect that the domestic violence had on the child or the continuing potential for harm caused by the father's actions, and she offered no plan to protect the child from the father. Further, she refused to engage in any mental health counseling and she failed to complete her individual anger management program. The anger management classes she attended did not benefit her, as she repeatedly expressed anger toward petitioner's representatives and even engaged in a physical altercation with a neighbor that required police involvement. Based on this record, there is clear and convincing evidence to support the finding that the mother permanently neglected the child by failing to have a meaningful plan for the child's future (see Matter of Ronnie P. [Danielle Q.], 77 AD3d 1094, 1096-1097 [2010]; Matter of George M., 48 AD3d at 928; Matter of Destiny CC., 40 AD3d at 1169).

Finally, we disagree with the contention that Family Court should have entered a suspended judgment. The court is accorded great deference on the choice of a proper dispositional

* While we agree that petitioner's entire case file should not have been received into evidence, even though Family Court indicated that it would not consider any hearsay contained therein (see Matter of Leon RR, 48 NY2d 117, 122-123 [1979]), we find the error harmless in light of the overwhelming evidence in the form of properly admitted testimony and exhibits supporting the court's determination (see Matter of Tiffany S., 302 AD2d 758, 761 [2003], lv denied 100 NY2d 503 [2003]).

alternative and, based on our review of the record, we find no basis to disturb the conclusion that termination of respondents' parental rights was in the child's best interests (*see Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1190 [2009]; *Matter of Carlos R.*, 63 AD3d 1243, 1246 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of James X.*, 37 AD3d 1003, 1007 [2007]).

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.