■ In the Matter of ANTHONY R. ST. VINCENT's SERVICES, INC., Respondent; JULIANN A., Appellant. (Proceeding No. 1.) In the Matter of PATRICK R. ST. VINCENT's SERVICES, INC., Respondent; JULIANN A., Appellant. (Proceeding No. 2.) In the Matter of DANTE R. ST. VINCENT's SERVICES, INC., Respondent; JULIANN A., Appellant. (Proceeding No. 3.) [937 NYS2d 72]—

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the children and planning for the children's future (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]). These efforts included facilitating visitation, repeatedly providing the mother with referrals for services and counseling, repeatedly advising the mother that she must enroll in and attend group services, and advising the mother that she needed to secure adequate housing for herself and the children (*see Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]; *Matter of Aliyanna M.*, 58 AD3d 853, 854 [2009]). Despite these efforts, the mother failed to plan for the children's future (*see Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Amy B.*, 37 AD3d 600, 601 [2007]).

Furthermore, the Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights (*see Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]; *Matter of "Baby Boy" E.*, 42 AD3d 536, 536-537 [2007]; *Matter of Desire Star H.*, 202 AD2d 582, 584 [1994]). Termination of parental rights will free the children for adoption, providing them with the opportunity to have a permanent

family (*see Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]). A suspended judgment was not appropriate in light of the mother's lack of insight into her problems, and her failure to acknowledge and address many of the issues which led to the children's removal in the first instance (*see Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]; *Matter of Amber D.C. [Angelica C.]*, 79 AD3d 865 [2010]; *Matter of Amy B.*, 37 AD3d 600 [2007]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.