■ In the Matter of CHRISTOPHER T. ST. VINCENT'S CHILDREN'S SERVICES, INC., Respondent; MARGARITA V., Appellant, et al., Respondent. [941 NYS2d 876]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and the father on the grounds of abandonment and permanent neglect, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Queens County (Richroath, J.), dated November 5, 2010, as, after a hearing, terminated her parental rights, transferred custody and guardianship of the child to the petitioner St. Vincent's Children's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption, and determined that visitation between the mother and the child would not be in the child's best interests.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption by his foster parents (*see Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1168 [2011]; *Matter of Hannan Nicolas G. [Jose G.]*, 78 AD3d 832, 833 [2010]; *Matter of Daniel A.G. [Jose Ricardo G.]*, 78

AD3d 831 [2010]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1034 [2010]; *Matter of David O.C.*, 57 AD3d 775, 756 [2008]). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her lack of insight into her problems and her failure to address the primary issues which led to the child's removal in the first instance (*see Matter of Peter C., Jr. [Peter C.]*, 88 AD3d 702, 703 [2011]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088-1089 [2011]; *Matter of Amber D.C. [Angelica C.]*, 79 AD3d 865, 866 [2010]; *cf. Matter of Christopher Lee B.*, 65 AD3d 549 [2009]).

Furthermore, the Family Court providently exercised its discretion in declining to permit visitation between the mother and the child after the mother's parental rights were terminated (*see Matter of Shae Tylasia I.M. [Lisa Anne G.]*, 89 AD3d 527 [2011]; *cf. Matter of Corinthian Marie S.*, 297 AD2d 382 [2002]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.