■ In the Matter of MICHAEL A.B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RICHARD A.B., Appellant. (Proceeding No. 1.) In the Matter of RICHARD J.B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RICHARD A.B., Appellant. (Proceeding No. 2.) [949 NYS2d 636]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of two orders of disposition of the Family Court, Kings County (Turbow, J.) (one as to each child), both dated August 23, 2011, as, after fact-finding and dispositional hearings, found that he permanently neglected the subject children, terminated his parental rights, and transferred custody and guardianship of the subject children to Mercyfirst and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

The Family Court's determination that the consent of the father to the adoption of the subject children was not required is supported by the record before it. The father, an out-of-wedlock father whose children had been placed with adoptive parents more than six months after their birth, failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the children through the payment of support and either regular visitation or other communication with them (*see* Domestic Relations Law § 111 [1]

[d]; *Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]; *Matter of Andrew Peter H. T.*, 64 NY2d 1090, 1091 [1985]; *Matter of Charle Chiedu E. [Chiedu E.]*, 87 AD3d 1140, 1141 [2011]; *Matter of Marc Jaleel G. [Marc E.G.]*, 74 AD3d 689, 690 [2010]).

Contrary to the father's contention, the Family Court properly found that he permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the father in maintaining contact with the children and planning for the children's future (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1056 [2011]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]). These efforts included facilitating visitation, repeatedly providing the father with referrals for services and counseling, and repeatedly advising the father that he must enroll in and complete drug treatment (*see Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d at 1033; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]; *Matter of Aliyanna M.*, 58 AD3d 853, 854 [2009]). Despite these efforts, the father failed to plan for the children's future (*see Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d at 1033; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Amy B.*, 37 AD3d 600, 601 [2007]).

Furthermore, the Family Court properly determined that it was in the best interests of the children to terminate the father's parental rights (*see Matter of Anthony R. [Juliann A.]*, 90 AD3d at 1056; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088 [2011]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d at 1034; *Matter of "Baby Boy" E.*, 42 AD3d 536, 536-537 [2007]; *Matter of Desire Star H.*, 202 AD2d 582, 584 [1994]). Termination of parental rights will free the children for adoption, providing them with the opportunity to have a permanent family (*see Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d at 1088).

The father's remaining contention is not properly before this Court (*see* CPLR 5515; *Ostrowska v Ostrowski*, 59 AD3d 507 [2009]; *Cardinal Holdings v Chandre Corp.*, 302 AD2d 550, 551 [2003]; *Matter of Kirdahy v Scalia*, 301 AD2d 525, 527 [2003]). Rivera, J.P., Eng, Lott and Miller, JJ., concur.