*730 The petitioner filed three petitions against the father in August 2008, one for each child, alleging, inter alia, that he had permanently neglected the subject children: Shamika K.L.N., born in 1995 (now 17 years old); Sh’Kenya C.L.N., born in 1994 (now 18 years old); and Shalaun D.L.N., born in 1993 (now 19 years old). The appeal from so much of the two orders of fact-finding and disposition dated February 3, 2011, as terminated the father’s parental rights as to Sh’Kenya C.L.N. and Shalaun D.L.N., respectively, must be dismissed as academic since those children have reached the age of 18 (see Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1033 [2010]; Matter of Francisco Anthony C.F., 305 AD2d 410, 411 [2003]). Nevertheless, the neglect findings against the father regarding these children are not academic, since an adjudication of neglect and/or derivative neglect constitutes “ ‘a permanent and significant stigma which might indirectly affect the appellant’s status in future proceedings’ ” (Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708 [2012], quoting Matter oflfeiye O., 53 AD3d 501, 501-502 [2008]).
Contrary to the father’s contentions, the Family Court properly found that he permanently neglected the children. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the father in planning for the children’s future by, among other things, repeatedly referring the father to individual counseling and anger management programs, advising him of the need to attend and complete the programs, and assisting him with housing (see Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Dileina M.F. [Rosa F.], 88 AD3d 998, 999 [2011]; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168 [2011]; Matter of Teshana Tracey T [Janet T.], 71 AD3d at 1033).
Notwithstanding the petitioner’s efforts, the father failed to plan for the future of the children (see Social Services Law § 384-b [7] [c]). “At a minimum, parents must take steps to correct the conditions that led to the removal of the child from their home” (Matter of Zechariah J.[Valrick J.], 84 AD3d 1087, 1087-1088 [2011], cert denied sub nom. Valrick J. v Orange County Social Services, 568 US —, 133 SCt 239 [2012] [internal *731 quotation marks omitted]). Here, although the father completed some of the service programs offered to him, he failed to gain insight into the problems that were preventing the children’s return to his care. The testimony and evidence showed that the father was uncooperative, hostile, and unaware of how his actions affected his relationship with the children. Moreover, he never acknowledged his responsibility for the removal of the children from his care and for their reluctance to have contact with him. Nor did the father obtain adequate housing for the children. Under these circumstances, the Family Court correctly found that, despite the petitioner’s diligent efforts, the father failed to adequately plan for the children’s future, and, therefore, they were permanently neglected (see Matter of Zechariah J. [Valrick J. ], 84 AD3d at 1087-1088; Matter of Nicholas R. [Jason S.], 82 AD3d 1526, 1528 [2011]; Matter of Jennifer R., 29 AD3d 1005, 1006 [2006]). Furthermore, under the circumstances of this case, the Family Court properly determined that it was in the best interest of the child Shamika K.L.N. for the court to terminate the father’s parental rights with respect to her (see Matter of Zechariah J. [Valrick J.], 84 AD3d at 1087-1088).
While the father’s contention that the Family Court improperly admitted into evidence certain records from the foster care agency is correct, since there was clear and convincing evidence without consideration of these records to support the Family Court’s determination, any error in their admission was harmless (see CPLR 2002; Matter of Lameek L., 226 AD2d 464, 465 [1996]; Matter of John E, 221 AD2d 858, 861-862 [1995]; see also Matter of Lane v Lane, 68 AD3d 995, 998 [2009]).
The father’s remaining contentions are without merit. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.