■ In the Matter of MEGAN L.G.H. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES et al., Respondents; THERESA G.H., Appellant. [958 NYS2d 218]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Arias, J.), dated December 20, 2011, which, upon her admission that she permanently neglected the subject child, and after a dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject child to the Harlem Dowling-Westside Center for Children and Family Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The mother contends that the Family Court's finding of permanent neglect, made upon her admission, was not based on legally sufficient evidence. However, her contention is unpreserved for appellate review given her failure to move before the Family Court to vacate her admission of permanent neglect (see

*Matter of Aidan D.*, 58 AD3d 906, 908 [2009]; *Matter of Atiba Andrew B.*, 275 AD2d 320, 321 [2000]). In any event, this claim is without merit. Contrary to the mother's contention, the Family Court did not err in finding that she permanently neglected the subject child even though the petitioning agency did not prove that it made diligent efforts to strengthen the parental relationship (*see Matter of Ayame O.-M.*, 63 AD3d 1069, 1071 [2009]; *Matter of Fard Saleem G.*, 297 AD2d 677, 678 [2002]). The agency was not required to present such evidence because the mother admitted that she permanently neglected the child by failing to maintain suitable housing (*see Matter of Aaron S.*, 15 AD3d 585, 586 [2005]; *Matter of Rita XX.*, 279 AD2d 901 [2001]).

Furthermore, under the circumstances of this case, the Family Court properly determined that it was in the best interests of the child to terminate the mother's parental rights (*see Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055 [2011]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]; *Matter of Desire Star H.*, 202 AD2d 582, 584 [1994]). Termination of parental rights will free the child for adoption, providing her with the opportunity to have a permanent family (*see Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055 [2011]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]).

Moreover, a suspended judgment was not appropriate in light of the mother's lack of insight into her problems and her failure to acknowledge and address some of the issues which led to the child's removal in the first instance (*see Matter of Christopher T. [Margarita V.]*, 94 AD3d 900, 901 [2012]; *Matter of Shaolin E.P. [Jettris P.]*, 91 AD3d 954, 955 [2012]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055 [2011]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.