In the Matter of Jessica C. New York Foundling Hospital et al., Respondents; Johanna B., Appellant. (Proceeding No. 1.) In the Matter of Juan P.C. New York Foundling Hospital et al., Respondents; Johanna B., Appellant. (Proceeding No. 2.) In the Matter of Jennifer C.-B., Also Known as Jennifer C. New York Foundling Hospital et al., Respondents; Johanna B., Appellant. (Proceeding No. 3.) In the Matter of Jeffrey A.C. New York Foundling Hospital et al., Respondents; Johanna B., Appellant. (Proceeding No. 4.) [986 NYS2d 543]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from four orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Tally, J.), all dated March 11, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject children (*see* Social Services Law § 384-b [7] [a]). Contrary to the mother's contention, the petitioner, New York Foundling Hospital, established by clear

and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship by, inter alia, scheduling and facilitating visitation, developing a service plan, making referrals for parenting skills and anger management classes, making referrals for mental health evaluations and individual therapy, encouraging the mother to comply with the service plan, and warning the mother of the consequences of noncompliance (*see* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789 [2013]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1056 [2011]). The petitioner also established that, despite its diligent efforts, the mother failed, for a period of more than one year, to maintain contact with or plan for the future of the children, and that she otherwise failed to comply with the service plan (*see* Social Services Law § 384-b [7] [c]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d at 789; *Matter of Jamie M.*, 63 NY2d 388, 394 [1984]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]; *Matter of Christina M.R. [Lynette Cassandra C.]*, 101 AD3d 1021 [2012]; *Matter of Temple S.M. [Tricia M.]*, 97 AD3d 681, 682 [2012]).

Moreover, the Family Court properly determined that termination of the mother's parental rights, rather than the entry of a suspended judgment, was in the children's best interests (*see* Family Ct Act § 631; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d at 790; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d at 1056; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088 [2011]). Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.