■ In the Matter of CHANEL C. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant-Respondent; VANESSA N., Respondent-Appellant. (Proceeding No. 1.) In the Matter of LAYLA C.C. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant-Respondent; VANESSA N., Respondent-Appellant. (Proceeding No. 2.) [988 NYS2d 75]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the petitioner appeals (1) from an order of the Family Court, Kings County (Beckoff, J.), dated June 12, 2013, which denied its motion for leave to renew those branches of the petitions which sought to terminate the mother's parental rights, which branches had been, in effect, denied in two prior orders of the same court, both dated May 21, 2013, and (2), as limited by its brief, from so much of two orders of fact-finding and disposition of the same court, both dated June 24, 2013 (one as to each child), as, after fact-finding and dispositional hearings, and upon a finding that the mother had permanently neglected the subject children, failed to terminate the mother's parental rights and instead suspended judgment against her provided that she complied with enumerated terms and conditions, and the mother cross-appeals from so much of the orders of fact-finding and disposition as found that she had permanently neglected the subject children.

Ordered that the appeal from the order dated June 12, 2013, is dismissed, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, those branches of the petitions which sought to terminate the mother's parental rights are granted, the orders dated May 21, 2013, and the order dated June 12, 2013, are vacated, and custody and guardianship of the subject children is transferred to Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn, for the purpose of adoption; and it is further;

Ordered that the orders of fact-finding and disposition are affirmed insofar as cross-appealed from, without costs or disbursements.

The appeal from the order dated June 12, 2013, denying leave to renew, must be dismissed as no appeal lies as of right from a nondispositional order of the Family Court in a permanent neglect proceeding pursuant to Social Services Law § 384-b (*see* Family Ct Act § 1112 [a]), and leave to appeal has not been granted and in any event the appeal is rendered academic in light of our determination on the appeals from the orders of fact-finding and disposition.

Contrary to the mother's contention, the Family Court properly found that Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn (hereinafter the agency), exercised diligent efforts to strengthen her relationship with the subject children by, inter alia, developing a service plan, providing her with referrals, attempting to maintain contact with her by telephone and letter both before and after her move to Florida, and providing prepaid transportation from Florida to New York to visit the children (*see Matter of Tashameeka Valerie P. [Priscilla P.]*, 102 AD3d 614, 615 [2013]; *Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712-713 [2012]; *Matter of Jasper QQ.*, 64 AD3d 1017, 1020 [2009]; *Matter of Paulette B.*, 270 AD2d 949 [2000]; *Matter of Jennifer VV.*, 99 AD2d 882, 883 [1984]). Despite these efforts, the mother failed to maintain regular contact with the children, either by telephone or by in-person visits. Likewise, although she completed anger management and parenting skills classes, the mother failed over several years to address the primary obstacle to her reunification with the children by submitting to random drug testing and participating in a drug treatment program (*see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824 [2013]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 543-544 [2013]; *Matter of Peter C., Jr. [Peter C.]*, 88 AD3d 702, 703 [2011]; *Matter of Fatima G.*, 64 AD3d 653, 654 [2009]; *Matter of Noelia T.*, 61 AD3d 983, 984 [2009]; *Matter of Demetrie T.J.C.*, 57 AD3d 392, 393 [2008]; *Matter of Justina Rose D.*, 28 AD3d 659, 660 [2006]). Accordingly, the mother failed to "take steps to correct the conditions that led to the removal of the children from the home" and failed to "genuinely take[ ] steps toward recognizing [her] problems and changing [her] attitudes and patterns of behavior" (*Matter of Jennifer R.*, 29 AD3d 1005, 1006 [2006]; *see Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011]; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011]). Under these circumstances, the Fam-

ily Court correctly found that, despite diligent efforts by the agency, the mother failed to adequately plan for the children's future and, therefore, permanently neglected the children (*see* Social Services Law § 384-b [4], [7] [a]; *Matter of Michael B.*, 80 NY2d 299, 309 [1992]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Peter C., Jr. [Peter C.]*, 88 AD3d at 703; *Matter of Jennifer R.*, 29 AD3d at 1005-1006; *Matter of Justina Rose D.*, 28 AD3d at 660).

After a dispositional hearing on a petition to terminate parental rights, a court may dismiss the petition, terminate parental rights and commit guardianship to the agency, or suspend judgment for a period of up to one year (*see* Family Ct Act §§ 631, 633 [b]). "A dispositional order suspending judgment is a dispositional alternative, upon a finding of permanent neglect, that affords 'a brief grace period designed to prepare the parent to be reunited with the child' " (*Matter of Jesse D. [John J.D.]*, 109 AD3d 990, 991 [2013], quoting *Matter of Michael B.*, 80 NY2d at 311). Although this disposition provides a parent with a "second chance," it is appropriate only where it is also in the best interests of the children (*see Jesse D. [John J.D.]*, 109 AD3d at 991; *Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658, 659 [2013]; *see also Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d 878, 879 [2013]; *Matter of Laelani B.*, 59 AD3d 880, 882 [2009]). A suspended judgment is not appropriate where a parent has failed to gain insight into the problems which led to the children's removal in the first instance (*see Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d at 879; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1057 [2011]). Moreover, to warrant a suspended judgment, "a parent must demonstrate that progress has been made to overcome the specific problems that led to the removal of the children. Mere attempts are not sufficient" (*Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d at 660; *see Matter of Jewels E.R. [Julien R.]*, 104 AD3d 773, 774 [2013]).

Here, the Family Court erred in suspending judgment in light of the mother's decision to relocate to Florida after the children were removed from her care and custody, which impeded regular and meaningful visitation, her failure to gain insight into her problems, and her failure to complete services over a period of years (*compare Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d at 880, *Matter of Victoria C. [Cassandra C.]*, 106 AD3d 1084, 1085 [2013], *Matter of Jewels E.R. [Julien R.]*, 104 AD3d at 773-774, *Matter of Megan L.G.H. [Theresa G.H.]*, 102 AD3d 869, 870 [2013], *Matter of Anthony R. [Juliann A.]*, 90 AD3d at 1057,

*and Matter of Lameek L.*, 226 AD2d 464, 465 [1996], *with Matter of Christopher C.*, 58 AD3d 622, 623-624 [2009], *and Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849 [1994]). The court also failed to adequately consider whether a suspended judgment and potential reunification with the mother would be in the best interests of the children, given the mother's unwillingness to move back to New York to be with the children. The court also failed to consider how the children would be affected by being removed from their foster parent in New York (the paternal aunt, with whom they have lived for approximately four years, substantially all of their lives) and being relocated to Florida, where they have never even visited (*see Matter of Jewels E.R. [Julien R.]*, 104 AD3d at 773; *Matter of Kevin L. [Jose L.L.]*, 102 AD3d 695, 696 [2013]). In light of the mother's failure to acknowledge and address the problems which led to the children's removal in the first instance, and given the adverse effect that removal from the foster parent is likely to have on the children, the court should have terminated the mother's parental rights and freed the children for adoption (*see Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d at 879; *Matter of Jewels E.R. [Julien R.]*, 104 AD3d at 774; *Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d at 660; *Matter of Anthony R. [Juliann A.]*, 90 AD3d at 1057). In this regard, and contrary to the view of our dissenting colleague, the mother's recent compliance with the minimal requirements of the suspended judgment is not sufficient to warrant an additional inquiry as to whether reunification is a viable goal.

In light of the foregoing, we need not consider the issues raised on the agency's appeal from the order dated June 12, 2013. Mastro, J.P., Rivera and Miller, JJ., concur.

Balkin, J., concurs in part and dissents in part, and votes to reverse the orders of fact-finding and disposition insofar as appealed from, on the facts and in the exercise of discretion, and remit the matter to the Family Court, Kings County, for a new dispositional hearing, with the following memorandum: I agree with my colleagues that, on the record before us, the Family Court improvidently exercised its discretion in suspending judgment against the mother upon its finding of permanent neglect. Nonetheless, under the very unusual circumstances of this case, I would, upon affirming the finding of permanent neglect, remit the matter for a new dispositional hearing.

Once the Family Court determined that the children were permanently neglected, the sole issue for disposition was the children's best interests (*see* Family Ct Act § 631; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429-430 [2012]; *Matter of*

*Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Christiana M. N.-M. [Alfonso N.]*, 101 AD3d 884, 884 [2012]). Even though I agree with my colleagues that a suspended judgment was not the appropriate disposition when it was entered, we have received information that, during the pendency of the appeal, circumstances, and the children's best interests, may have changed. By virtue of the issuance of the suspended judgment, the agency has been constrained to change the permanency goal to reunification. Apparently, during this period, the mother fulfilled the terms of the suspended judgment, which required weekly random drug screening and negative results for all illicit substances, bimonthly visitation with the children via airplane tickets provided by the agency for the mother's travel between New York and Florida, maintenance of regular phone contact with the children, and maintenance of stable housing and source of income. The period of the suspended judgment expired on May 21, 2014.

A year is a significant period of time, especially in the lives of very young children, and what was appropriate a year ago may not be appropriate now (*see Matter of Michael B.*, 80 NY2d 299, 317-318 [1992]; *cf. Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658, 660-661 [2013]). In light of the very unusual circumstances of this case and the absence of record information concerning whether termination of this mother's parental rights still is in the best interests of these children, I would remit for a new dispositional hearing (*see Matter of Michael B.*, 80 NY2d at 317-318; *Matter of Leval B. v Kiona E.*, 115 AD3d 665, 667 [2014]; *Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d at 660-661).

Accordingly, I respectfully dissent in part and would not terminate the mother's parental rights without a new dispositional hearing.