■ In the Matter of XIOMARA D. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; FAITH D., Appellant. (Proceeding No. 1.) In the Matter of IMANI O.D. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; FAITH D., Appellant. (Proceeding No. 2.) [34 NYS3d 594]—

Appeal from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated May 28, 2015. The order, after a dispositional hearing, in effect, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and St. Vincent's Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The subject children have been in foster care since August 2009 based upon allegations of neglect by the mother. In August 2012, proceedings were commenced to terminate the mother's parental rights with respect to the subject children. In August 2013, a finding of permanent neglect with respect to the subject children was entered upon the mother's consent. Following a dispositional hearing in May 2015, the Family Court, in effect, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and St. Vincent's Services for the purpose of adoption. The mother appeals.

Contrary to the mother's contention, the Family Court properly terminated her parental rights. "Termination of parental rights will free the children for adoption, providing them with the opportunity to have a permanent family" (*Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1056-1057 [2011]; *see Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088 [2011]). In light of the fact that the subject children had bonded with their foster mother, with whom they had resided for at least six years and who wished to adopt them, and the fact that the mother had no plan for the subject children's future, the court properly determined that the best interests of the children would be served by terminating the mother's parental rights and freeing them for adoption (*see Matter of Corey S. [Angel S.]*, 112 AD3d 641, 642 [2013]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d at 1056-1057; *Matter of "Baby Boy" E.*, 42 AD3d 536, 536-537 [2007]; *Matter of Juanita F.*, 291 AD2d 496 [2002]). Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.