Matter of Tymel P. (Tyrone P.) (2018 NY Slip Op 00150)





Matter of Tymel P. (Tyrone P.)


2018 NY Slip Op 00150


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-13354
2017-04332
2017-04333
 (Docket Nos. B-9943-13, B-9944-13)

[*1]In the Matter of Tymel P. (Anonymous), also known as Tyemel J. P. (Anonymous). Coalition for Hispanic Family Services, respondent; Tyrone P. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Tyequal P. (Anonymous), also known as Tyeqail E. P. (Anonymous). Coalition for Hispanic Family Services, respondent; Tyrone P. (Anonymous), appellant. (Proceeding No. 2)


Jeffrey C. Bluth, New York, NY, for appellant.
James M. Abramson, PLLC, New York, NY (Dawn M. Orsatti of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Diane Pazar of counsel), attorney for the children.



DECISION & ORDER
Appeals from two orders of disposition of the Family Court, Kings County (Ilana Gruebel, J.), both dated March 15, 2017 (one as to each child), and a decision of that court dated May 16, 2016. The orders of disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon a fact-finding order of that court dated January 6, 2016, and the decision dated May 16, 2016, terminated the father's parental rights and transferred guardianship and custody of the children to the petitioner, Coalition for Hispanic Family Services, and to the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from the decision dated May 16, 2016, is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.
The appellant is the father of two children, who have been in a non-kinship foster [*2]home since 2010, when their sister was fatally abused by their mother and maternal grandmother. The father and mother were not married to each other. After fact-finding and dispositional hearings, the Family Court found that the father had permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner, Coalition for Hispanic Family Services (hereinafter the agency) and to the Commissioner of Social Services of the City of New York for the purpose of adoption.
Contrary to the father's contentions, the Family Court did not err in finding that he had permanently neglected the children (see Social Services Law § 384-b). There was clear and convincing proof that, despite the agency's diligent efforts to encourage and strengthen the parental relationship, the father, for a period of one year following the children's placement with the agency, failed to substantially and continuously maintain contact with the children, and failed to plan for the future of the children, although physically and financially able to do so (see Social Services Law § 384-b; Matter of Star Leslie W., 63 NY2d 136). The father's mere participation in classes and programs was not enough to meet the requirement to plan for the children's future when he did not benefit from the services, programs, and support offered and did not utilize the tools or lessons learned in those classes in order to successfully plan for the children's future (see Matter of Jessica U. [Stephanie U.], 152 AD3d 1001; Matter of Aniya L. [Samatha L.], 124 AD3d 1001, 1004).
A dispositional order suspending judgment is a dispositional alternative, upon a finding of permanent neglect, that affords "a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311; see Family Ct Act § 633). In essence, an order suspending judgment provides the parent with a second chance, but it may be utilized only when the court determines that a second chance is in the child's best interests (see Family Ct Act §§ 631, 633; Matter of Michael B., 80 NY2d at 311; Matter of Jalil U. [Rachel L.—U.], 103 AD3d 658, 659). Contrary to the father's contention, the Family Court properly determined that termination of his parental rights was in the best interests of the children, and that a suspended judgment was not appropriate given the father's lack of insight into his problems and his failure to address the primary issues which led to the children's removal (see Matter of Lasuree A.B. [Carla S. B.], 141 AD3d 578, 579; Matter of Aaliyah L.C. [Jamie A.], 128 AD3d 955, 956; Matter of Kayla S.-G. [David G.], 125 AD3d 980, 981; Matter of Justice C. [Wanda C.], 124 AD3d 885, 885-886; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828; Matter of Christopher T. [Margarita V.], 94 AD3d 900, 901).
Further, the record supports the Family Court's determination that the best interests of the children would be served by freeing them for adoption by their foster mother, with whom they had bonded and resided for seven years (see Matter of Xiomara D. [Faith D.], 141 AD3d 585, 585; Matter of Corey S. [Angel S.], 112 AD3d 641, 642; Matter of Anthony R. [Juliann A.], 90 AD3d 1055, 1056-1057; Matter of "Baby Boy" E., 42 AD3d 536, 536-537; Matter of Juanita F., 291 AD2d 496).
The father's remaining contention is without merit.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court